UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICE BOSSART & RAYMOND BERRY, in pro per,<br><br>Plaintiffs,<br><br>v.<br><br><br>COUNTY OF KING, a subdivision of the state of Washington,<br><br>Defendant. | CASE NO. 2:25-cv-00975-JNW<br><br>ORDER |

In response to Defendant King County's motion to dismiss, Plaintiffs Alice Bossart and Raymond Berry filed an amended complaint. Dkt. No. 11. The County filed a reply stating that its arguments apply with equal force to the amended complaint. Dkt. No. 12. Plaintiffs then filed a sur-reply in the form of an "objection," arguing that their amended complaint mooted the County's motion to dismiss. Dkt. No. 13.

Generally, "an amended pleading supersedes the original pleading," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992), and the

**ORDER** - 1

filing of an amended complaint usually moots a pending motion to dismiss. *Zimmerman v. PeaceHealth*, 701 F. Supp. 3d 1099, 1108 (W.D. Wash. 2023) (quoting *Oliver v. Alcoa, Inc.*, No. 16-cv-0741-JLR, 2016 WL 4734310, at *2 n.3 (W.D. Wash. Sept. 12, 2016)). However, if the amended complaint is substantially identical to the initial complaint, the Court may rule on the initial motion to dismiss as applied to the amended complaint. *Id.* "[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending." *Id.* (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1476 (3d ed. 1998) (Jul. 7, 2023 Update)). "Where the new pleading contains some of the same defects raised in the original motion, 'the court simply may consider the motion as being addressed to the amended pleading.'" *Id.* (quoting Federal Practice & Procedure § 1476).

Plaintiffs allege the same causes of action in their amended complaint, and upon review, the amended complaint appears to be substantially identical to the original. *Compare* Dkt. No. 1 *with* Dkt. No. 11. Accordingly, the Court will treat the Government's motion to dismiss as if it were directed to Plaintiffs' amended complaint. Because Plaintiffs are pro se, and because filing of an amended complaint typically moots a motion to dismiss, the Court finds good cause to allow Plaintiffs the opportunity to file a substantive response to the motion to dismiss.

Accordingly, the Court ORDERS that Plaintiffs' deadline to respond to the motion to dismiss at Dkt. No. 7 is extended to August 5, 2025, and the reply deadline is extended to August 12, 2025. The Clerk is DIRECTED to RESET the noting date for the motion to dismiss, Dkt. No. 7, to August 13, 2025.

**ORDER** - 2

Dated this 25th day of July, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 3