UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICE BOSSART & RAYMOND BERRY, in pro per, | CASE NO. 2:25-cv-00975-JNW |
| Plaintiffs, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| COUNTY OF KING, a subdivision of the state of Washington, | |
| Defendant. | |

## 1. INTRODUCTION

Plaintiffs Alice Bossart and Raymond Berry sued King County under 28 U.S.C. § 1983 because King County has enforced certain land regulations against them. The County's motion to dismiss comes before the Court. Dkt. No. 7. Having considered the briefing, the record, and the relevant law, the Court is fully informed and GRANTS the motion.

## 2. BACKGROUND

Plaintiffs allege that their property was part of a federal land patent granted to Northern Pacific Railroad Company in the 1800s. Dkt. No. 1 at 4. They assert

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

that they have "connected their title to the Land to the Patent." *Id*. Sometime before October 3, 2022, Plaintiffs built a fence on their land.

According to Plaintiffs, Greg Kirk, a King County Code Enforcement Officer, wrote them a letter on October 3, 2022, informing them that they had violated King County Codes in building the fence; the letter directed them to correct the violations. Dkt. No. 1 at 6. The letter stated that Plaintiffs had violated "Sections 16.82.050, 16.82.051 Wetlands 21A.24.335, buffers 21A.24.325, Aquatic areas and buffers 21A.24.358-365." *Id*. Plaintiffs allege that Tony Ledbetter, a King County official, wrote them a separate letter on the same day, asserting that Plaintiffs had engaged in "illegal construction work within a stream buffer and construction of a fence located in a public right of way" without a "county-approved permit." *Id*. at 6–7.

On July 24, 2023, Kirk emailed Plaintiffs to inform them that the County was preparing to issue a notice of civil penalties. *Id*. at 7. Plaintiffs maintained that the County lacked authority to regulate their property, given the federal land patent. On April 15, 2024, the County issued a Notice of King County Code Violation to Plaintiffs, and in July 2024, the County recorded the notice. *Id*. at 9. That December, the County began sending regular "documents to Plaintiffs demanding payment of the penalties imposed . . . for the purported regulatory code violations." *Id*.

Plaintiffs have already sued King County in federal court to resolve this dispute. *See Bossart et al. v. King Cnty.*, Case No. 2:24-cv-01776. They did not, however, pursue a Section 1983 claim during that litigation. The court ultimately

dismissed the case without prejudice for lack of subject-matter jurisdiction because—as the Supreme Court has long held—"[f]ederal land patents and acts of Congress do not provide bases for federal question jurisdiction." *Bossart et al. v. King Cnty.*, Case No. 2:24-cv-01776, Dkt. No. 35 at 2 (quoting *Virgin v. Cnty. of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000)).

## 3. DISCUSSION

### 3.1 Legal standard.

#### 3.1.1 Fed. R. Civ. P. 12(b)(1).

The County argues that the complaint fails to state a basis for subject-matter jurisdiction under 28 U.S.C. § 1331 (federal-question jurisdiction). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994). District courts have subject-matter jurisdiction over cases that "aris[e] under" federal law. 28 U.S.C. §§ 1331. A case "arises under" federal law where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 8–9 (1983)).

#### 3.1.2 Fed. R. Civ. P. 12(b)(6).

The Court will grant a Rule 12(b)(6) motion if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion to dismiss, the Court accepts the well-pleaded factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). However, the Court "need not accept as true legal conclusions couched as factual assertions." *Iqbal*, 556 U.S. at 678–79.

**3.2     The Court has subject-matter jurisdiction, but Plaintiffs fail to state a viable claim.**

The County correctly argues that federal land patents do not confer federal question jurisdiction. *Virgin*, 201 F.3d at, 1143. But Plaintiffs also assert claims under 42 U.S.C. § 1983 ("Section 1983") alleging constitutional violations, which clearly invoke the Court's jurisdiction under 28 U.S.C. § 1331. *See Kigdell v. Cnty. of Merced*, No. 2:24-cv-1580, 2025 WL 28183, at *3 (E.D. Cal. Jan 3, 2025) (While defendant was correct that a federal land patent "*alone*" cannot establish federal-question jurisdiction, that does not eliminate other bases for federal question jurisdiction like alleged constitutional violations under Section 1983). The County's motion contains a glaring oversight in failing to address this independent basis for jurisdiction.  Accordingly, the Court DENIES the motion to dismiss under Rule 12(b)(1).

Even so, dismissal is still proper because the complaint fails to state a cognizable Section 1983 claim. Fed. R. Civ. P. 12(b)(6). "Title 42 U.S.C. § 1983 provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Long v.*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 4

*Cty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). The cause of action has two essential elements: "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Id.* (citing *West v. Atkins*, 487 U.S. 42, 48, (1988)). Here, Plaintiffs base their Section 1983 claims on purported violations of their Fifth and Ninth Amendment rights, but both theories lack merit.

Plaintiffs' Ninth Amendment claim fails because the amendment cannot support a Section 1983 claim. The Ninth Amendment states, "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. However, "the ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986). This rule is well-established and forecloses any Section 1983 claim based solely on the Ninth Amendment.

Plaintiffs have also failed to state a Section 1983 claim based on the Fifth Amendment, which protects against the deprivation of life, liberty, and property without due process of law. U.S. Const. amend. V. The crux of Plaintiffs' Fifth Amendment claim is that King County lacks authority to regulate their land use; Plaintiffs assert that they have the "absolute right to possess, use, and enjoy the land as [they] see fit, immune from State and local regulations." Dkt. No. 1 at 20. Plaintiffs Fifth Amendment rests on their theory that federal land patents exempt property from state and local regulations. But the Supreme Court and Ninth Circuit have long held that "property received through federal land patents *is* subject to

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 5

state and local regulations." *Virgin*, 201 F.3d at 1144 (emphasis added) (citing *Eldridge v. Trezevant*, 160 U.S. 452, 468 (1896)).  Because binding precedent forecloses this legal theory, Plaintiffs cannot establish the constitutional violation necessary for their Fifth Amendment claim.

**3.3    Dismissal is with prejudice.**

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003). Dismissal with prejudice is appropriate here because amendment would be futile. The Ninth Amendment cannot create Section 1983 liability as a matter of law, *Strandberg*, 791 F.2d at 748, and Plaintiffs' Fifth Amendment theory is foreclosed by binding precedent that federal land patents do not exempt property from local regulation, *Virgin*, 201 F.3d at 1144. Given the nature of Plaintiffs' claims and the precedent cited above, no amendment could save these claims. Because the Court finds that dismissal with prejudice is appropriate, the Court does not reach the County's res judicata argument.

## 4.  CONCLUSION

The Court GRANTS Defendant's motion to dismiss. Dkt. No. 7. This case is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to CLOSE this case.

Dated this 10th day of September, 2025.

Jamal N. Whitehead
United States District Judge