1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICE BOSSART & RAYMOND BERRY, in pro per,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KING, a subdivision of the state of Washington,<br><br>Defendant. | CASE NO. 2:25-cv-00975-JNW<br><br>ORDER |

Plaintiffs sued King County for enforcing certain county codes against them, advancing a sovereign citizen legal theory. The Court concluded that they failed to state a claim upon which relief could be granted and dismissed their case with prejudice on a finding that amendment would be futile. On September 17, 2025, Plaintiffs filed a motion for recusal and motion to set aside the Court's order dismissing their case. Dkt. Nos. 22 and 24. Having considered the motion for recusal, the record, and the relevant law, the Court DECLINES to voluntarily recuse. Dkt. No. 22; *see* LCR 3(f).

**ORDER** - 1

If a party moves to recuse under 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). A federal judge must disqualify themself in any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Further, recusal is required when a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [them] or in favor of any adverse party." 28 U.S.C. § 144. The standard for recusal under both statutes is the same—"[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Here, Plaintiffs believe that the Court erred in dismissing their case and that the Court's decision reflects bias in favor of King County. Dkt. No. 22 at 5–9. They also seem to suggest that the Court is an employee or agent of King County. *Id.* at 5. The Court rejects these incorrect and conclusory arguments.

Accordingly, the Court DECLINES to recuse voluntarily. Under LCR 3(f), Plaintiffs' motion for recusal, Dkt. No. 22, is REFERRED to United States District Chief Judge David Estudillo for decision.

**ORDER** - 2

Dated this 25th day of September, 2025.

                                            Jamal N. Whitehead
                                            United States District Judge

**ORDER** - 3