UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALICE BOSSART et al., <br><br>    Plaintiff, <br> v. <br><br>KING COUNTY, <br><br>    Defendant. | CASE NO. 2:25-cv-00975-JNW <br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 26) |

   This matter comes before the Court on District Judge Jamal N. Whitehead's denial (Dkt. No. 26) of Plaintiffs' motion for recusal (Dkt. No. 22). Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themselves from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, they "will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now review Judge Whitehead's decision not to recuse.

   Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

1  bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive

2  from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL

3  501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

4  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a

5  reasonable person with knowledge of all the facts would conclude that the judge's impartiality

6  might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

7  This is an objective inquiry concerned with whether there is the appearance of bias, not whether

8  there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

9        The basis for Plaintiffs' recusal motion is that Judge Whitehead erred by dismissing

10  claims Plaintiffs asserted.  (Dkt. No. 22 at 5-6.)  Plaintiffs argues Judge Whitehead's order

11  granting Defendant's motion to dismiss is "void on its face for failure to base the Court's

12  determination on the amended complaint,"[1] and "for failure to base [its] determination on all of

13  Beneficiaries' causes of action."  (*Id.*)  These arguments go to the merits of the ruling and are not

14  a proper basis for recusal.  *See Downs v. California Atty. Gen.*, 639 F. App'x 435, 436 (9th Cir.

15  2016) (district court did not err in denying disqualification of magistrate judge, because

16  "disagreement with the magistrate judge's rulings does not provide a basis for recusal")

17        Plaintiffs further argue that Judge Whitehead's decision reflects bias in favor of King

18  County.  (Dkt. No. 22 at 5-9.)  Plaintiffs' allegations are unsupported by objective evidence and

19  cannot form a basis for recusal.  "A party cannot manufacture grounds for recusal by fantastic

20  allegations, by vague accusations or by alleging in conclusory terms that a judge is biased, by

21  filing an ethics complaint against a judge, or even by suing a judge."  *Royer v. Pennsylvania*

---

[1] Judge Whitehead ruled that because Plaintiffs' amended complaint "appears to be substantially identical to the original, the Court "will treat the Government's motion to dismiss as if it were directed to Plaintiffs' amended complaint."  (Dkt. No. 14 at 2.)

*State Univ.*, No. 03:00-CV-290-KRG-KAP, 2012 WL 956422, at *1 (W.D. Pa. Feb. 28, 2012), *report and recommendation adopted*, 2012 WL 954710 (W.D. Pa. Mar. 20, 2012) (internal citation omitted).

The Court finds no evidence that would lead a reasonable person to question Judge Whitehead's impartiality. Accordingly, the Court AFFIRMS Judge Whitehead's denial (Dkt. No. 26) of Plaintiffs' motion for recusal (Dkt. No. 22).

Dated this 30th day of September, 2025.

David G. Estudillo
United States District Judge