UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICE BOSSART & RAYMOND BERRY, in pro per,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KING, a subdivision of the state of Washington,<br><br>Defendant. | CASE NO. 2:25-cv-00975-JNW<br><br>ORDER |

# 1.  INTRODUCTION

Plaintiffs seek sanctions against King County under Federal Rule of Civil Procedure 11 and the Court's inherent authority. They also ask the Court to disqualify the County's attorneys. The Court denies both requests. Plaintiffs have not complied with Rule 11's procedural requirements, and the County's arguments—despite some mistakes—were grounded in law and fact. The Court finds no bad-faith conduct warranting sanctions under its inherent authority, and Plaintiffs identify no basis for disqualification. This is all the more true given that

ORDER - 1

the case has already been closed. The Court DENIES the motion for the reasons below. Dkt. No. 28.

## 2. DISCUSSION

### 2.1 Rule 11 sanctions are not warranted.

Plaintiffs request sanctions under Federal Rule of Civil Procedure 11 and the Court's inherent power.[1] Under Rule 11 an attorney or unrepresented party must ensure that their legal contentions are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Similarly, their factual contentions "must have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). The rule further prohibits attorneys and unrepresented parties from presenting any filing for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

Rule 11 places strict notice and filing requirements on parties seeking sanctions. *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). "When Rule 11 sanctions are initiated by motion of a party, that motion must be separate 'from other motions or requests' and must 'describe the specific conduct alleged to violate'

---

[1] Plaintiffs also seem to argue that the County's attorneys owe them additional duties in this litigation under a public trust theory. But they cite no precedent to support their position that attorneys representing government entities owe duties to adversaries in litigation apart from those imposed by the Rules of Professional Conduct. Accordingly, the argument is unpersuasive, and the Court rejects it.

ORDER - 2

Rule 11(b)." *Id*. at 677–78 (quoting Fed. R. Civ. P. 11(c)(1)(A)). "In addition, the Rule's safe harbor provision requires parties filing such motions to give the opposing party 21 days first to 'withdraw or otherwise correct' the offending paper. *Id*. at 678.

Here, there is no evidence that Plaintiffs abided by Rule 11's safe harbor provision. That is reason enough to deny the motion for sanctions. Sanctions are also inappropriate because King County's arguments were grounded in fact and law. Indeed, the Court ruled in the County's favor and dismissed Plaintiffs' case. Plaintiffs' motion for sanctions primarily asserts that the County relied on inapposite cases and stated the governing law incorrectly—in effect, Plaintiffs use their motion for sanctions as another opportunity to oppose the County's motion to dismiss. The fact that Plaintiffs disagree with the County's arguments and the Court's order dismissing their case is not a basis for sanctions.

Notably, the County acknowledges that it made a mistake in its briefing when it described Plaintiffs' prior case as having been resolved on the merits. *See* Dkt. No. 31 at 9. But the County is correct—that mistake did not influence the resolution of this matter. Similarly, that the County failed to acknowledge one alleged basis for jurisdiction is not a reason to sanction them under Rule 11 here. Indeed, despite this flaw in the County's motion—which the Court acknowledged—the motion was successful.

Plaintiffs also assert that the County improperly labeled them as sovereign citizens. Regardless of whether Plaintiffs are sovereign citizens, the arguments they advanced were those typically advanced by sovereign citizens. This fact was

ORDER - 3

relevant to the County's arguments, which cited precedent on sovereign citizen legal theories. Thus, the Court finds that the County did not refer to Plaintiffs as sovereign citizens for an improper purpose, but rather to make a legal argument.

Finally, Plaintiffs claim that the County's attorneys violated several rules of professional conduct and should be sanctioned on that basis. On review, however, the Court finds that the County's attorneys did not violate any of the cited rules. Accordingly, Rule 11 sanctions are not warranted.

**2.2   There is no basis to sanction King County under the Court's inherent authority.**

District courts have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Ready Transp., Inc. v. AAR Mfg., Inc.,* 627 F.3d 402, 404 (9th Cir.2010). A district court may sanction a party under its inherent authority if it "specifically finds bad faith or conduct tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir.2001). "Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.*

While the County may have made a couple of mistakes in its briefing, certainly none rise to the level of bad-faith conduct. Nor do the County's representations constitute "fraud on the Court," as Plaintiffs argue. Dkt. No. 28 at 5. For the reasons discussed above, neither King County nor its attorneys engaged in bad-faith conduct or conduct tantamount to bad faith. Thus, the Court denies Plaintiffs' request for sanctions under the Court's inherent authority.

ORDER - 4

**2.3    Disqualification is inappropriate.**

Motions to disqualify are subject to strict judicial scrutiny. *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985). Courts generally look to the applicable Rules of Professional Conduct to decide whether disqualification is appropriate. *Sierra v. Costco Wholesale Corp.*, 630 F. Supp. 3d 1199, 1205 (N.D. Cal. 2022). Typically, attorneys are disqualified due to conflicts of interest, or when they are necessary witnesses in the underlying case. *See, e.g., id.*; *Optyl Eyewear Fashion Int'l Corp.*, 760 F.2d at 1048; *Pub. Util. Dist. No. 1 of Klickitat Cnty. v. Int'l Ins. Co.*, 881 P.2d 1020, 1033 (Wash. 1994). Plaintiffs present no reason to disqualify the County's attorneys here. Thus, the motion is denied.

### 3.    CONCLUSION

Accordingly, Plaintiffs' motion for sanctions is DENIED. Dkt. No. 28.

Dated this 14th day of November, 2025.

Jamal N. Whitehead
United States District Judge